OPINION OF THE COURT
Ciparick, J.
The question presented on this appeal is whether the Grand Jury evidence is legally sufficient to support the indictment. We agree with the Appellate Division that it is.
On November 6, 1992, at approximately 3:13 a.m., Cornell University Department of Public Safety Officers Kathy Zoner and Richard Brewer observed defendant carrying a dormitory lounge chair on his head as he crossed a bridge on the Cornell campus. Upon being stopped defendant informed the officers that he had obtained the chair in Donlon Hall, a residence located on the North Campus, and was taking it to the West Campus as a prank. Defendant declined to confirm whether he *251 was a student. He stated that he had no identification on his person and, despite repeated requests, otherwise refused to identify himself in any manner. He was informed, in response to his inquiry, that he would be referred to the Cornell Judicial Administrator if he was a student; if he was not a student, he would be charged with petit larceny in City Court. After approximately 10 minutes of fruitless inquiries, one of the officers expressed impatience with defendant’s uncooperative behavior, at which point defendant stated that he did have identification after all, and began reaching into his pocket. Officer Brewer stated that he would remove the identification from defendant’s pocket himself and directed defendant to turn and face the police car. When Officer Brewer reached for defendant’s pocket, defendant slapped his hands away. Informed that he was under arrest, defendant bolted from the officers and ran toward the gorge under the bridge. He was pursued by Officer Zoner who caught him by the ankle as he lay on his back on the steep slope. Defendant demanded to be let go and Officer Zoner refused. Defendant rolled over and dragged her down the side of the gorge until she hit a concrete abutment and smashed her face and broke her teeth. Defendant escaped.
Defendant was subsequently indicted on four counts: three misdemeanors, petit larceny, criminal possession of stolen property in the fifth degree and resisting arrest, and one felony, assault in the second degree. County Court granted defendant’s motion to dismiss the indictment in its entirety. The Appellate Division reversed, holding that the evidence was sufficient for the Grand Jury to indict on the larceny and possession of stolen property counts, as defendant’s larcenous intent could be inferred from the circumstances and his admissions. Furthermore, the evidence before the Grand Jury was sufficient to sustain the charge of resisting arrest, and defendant’s intentional acts in preventing his arrest constituted sufficient evidence of the crime of assault. A Justice of the Appellate Division granted leave to appeal.
On a motion to dismiss an indictment, the sufficiency of the People’s presentation "is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury” (People v Jennings, 69 NY2d 103, 114). The Grand Jury must have before it evidence legally sufficient to establish a prima facie case, including all the elements of the crime, and reasonable cause to believe that *252 the accused committed the offense to be charged (id.; People v Galatro, 84 NY2d 160; CPL 190.65 [1]). "Legally sufficient” evidence is defined in CPL 70.10 as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (see also, CPL 190.65 [1]; People v Mayo, 36 NY2d 1002, 1004 ["In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt”]). The fact that the proof presented to the Grand Jury is also susceptible of inferences of innocence is irrelevant, "as long as the Grand Jury could rationally have drawn the guilty inference” (see, People v Deegan, 69 NY2d 976, 979).
The inquiry of the reviewing court is limited to ascertaining the "legal sufficiency” of the evidence, and does not include weighing the proof or examining its adequacy at the Grand Jury stage, or determining whether there was reasonable cause to believe the accused committed the crimes charged, as the resolution of such questions is exclusively the province of the Grand Jury (see, Galatro, 84 NY2d, at 164, supra; Jennings, 69 NY2d, at 115, supra; Deegan, 69 NY2d, at 979, supra).
Defendant argues that the indictment should be dismissed in its entirety because the evidence presented to the Grand Jury on each of the counts was not legally sufficient to establish the charged offenses. This contention lacks merit.
A person is guilty of petit larceny when he or she "steals property” (Penal Law § 155.25). "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner thereof’ (Penal Law § 155.05 [1]). The intent to "deprive” or "appropriate” prescribed in section 155.05 is satisfied by the exertion of " 'permanent or virtually permanent control over the property taken’ ” (Jennings, 69 NY2d, at 118, supra).
We conclude that the proof before the Grand Jury, viewed in the light most favorable to the People, was legally sufficient to support the inference that defendant acted with larcenous intent. Defendant was stopped at 3:13 a.m. carrying away a dormitory lounge chair he admitted did not belong to him. When appropriately questioned by the officers, defendant offered the explanation that he was involved in a "prank”. However, throughout the 10-minute encounter, defendant *253 would not confirm whether he was a student and repeatedly refused to identify himself in any manner. In light of the unusual circumstances and defendant’s evasive and uncooperative behavior, we agree with the Appellate Division that there was sufficient proof before the Grand Jury from which it could rationally infer that defendant intended to steal the chair. "That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference” (People v Deegan, 69 NY2d, at 979, supra).
Defendant’s argument for dismissal of the charge of criminal possession of stolen property in the fifth degree, which has for its premise the asserted absence of evidence of intent to steal the chair, is similarly unavailing in light of our conclusion that the People made out a prima facie case of larceny.
Defendant also argues that the charge of resisting arrest must be dismissed because the attempted arrest was unlawful. "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person” (Penal Law § 205.30). A key element of resisting arrest is the existence of an authorized arrest, including a finding that the arrest was premised on probable cause (see, People v Peacock, 68 NY2d 675, 676-677; People v Parker, 33 NY2d 669; Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 205.30, at 503 [an individual who intentionally prevents an unauthorized arrest is not guilty of resisting arrest]). In this case, defendant’s argument that the officers did not have probable cause to arrest him for stealing the chair is misplaced. In the context of a motion to dismiss an indictment, we are limited to determining whether there was sufficient proof of facts before the Grand Jury from which it could rationally infer that the officers had probable cause to arrest for larceny, a question we answer in the affirmative.
Finally, the Appellate Division properly reinstated the charge of assault in the second degree. Penal Law § 120.05 (3) provides that a person is guilty of that crime when, "[w]ith intent to prevent a peace officer * * * from performing a lawful duty, he causes physical injury to such peace officer.” In this case, the evidence before the Grand Jury was legally *254 sufficient to establish that defendant intended to prevent Officer Zoner from performing a lawful duty and caused her to sustain serious physical injuries.
We have considered defendant’s remaining contention and conclude that it is without merit.
The order of the Appellate Division should be affirmed.