■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DWAYNE A. SYLVESTER, Respondent. [677 NYS2d 865] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: Supreme Court erred in granting defendant's motion to dismiss the indictment on the ground that the evidence before the Grand Jury was legally insufficient to support the charges of assault in the second degree (Penal Law § 120.05 [3]). On a motion to dismiss an indictment under CPL 210.20 (1) (b), the sufficiency of the People's presentation "is properly determined by inquiring whether the evidence[,] viewed in the light most favorable to

the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Jennings,* 69 NY2d 103, 114; *see, People v Jensen,* 86 NY2d 248, 251; *People v Galatro,* 84 NY2d 160, 163-164). "The People are required to make out a prima facie case that the accused committed the crime charged by presenting legally sufficient evidence establishing all of the elements of the crime" (*People v Galatro, supra,* at 164; *see, People v Jennings, supra,* at 115). "Legally sufficient" evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see, People v Jensen, supra,* at 252; *People v Swamp,* 84 NY2d 725, 730). "In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt" (*People v Mayo,* 36 NY2d 1002, 1004; *see, People v Jensen, supra,* at 252). Thus, "[e]vidence that is legally sufficient to establish a prima facie case in the Grand Jury may nevertheless be inadequate to prove guilt beyond a reasonable doubt at trial" (*People v Gordon,* 88 NY2d 92, 96; *see, People v Sabella,* 35 NY2d 158, 167).

Penal Law § 120.05 (3) provides that a person is guilty of assault in the second degree when, "[w]ith intent to prevent a * * * police officer * * * from performing a lawful duty, he causes physical injury to such * * * police officer". "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). When viewed in the light most favorable to the People, the evidence of the subjective pain felt by each of the officers upon being struck by defendant with a wooden stick-type bat or club, the swelling induced by the injury, and the length of time that the pain and swelling continued is sufficient at this stage to establish physical injury within the meaning of the assault in the second degree charge (*see, People v Richards,* 128 AD2d 387, 388, *lv denied* 70 NY2d 654; *see also, People v Jackson,* 232 AD2d 193, 194, *lv denied* 89 NY2d 924; *People v Kim,* 225 AD2d 496, *lv denied* 88 NY2d 987; *People v Mallard,* 207 AD2d 1018, *lv denied* 84 NY2d 1013). (Appeal from Order of Supreme Court, Erie County, Rossetti, J.—Dismiss Indictment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.