■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADE FRASER, Appellant. [706 NYS2d 38] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered June 2, 1997, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 20 and 10 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The court properly concluded that the lineup identification was not unduly suggestive since an examination of the photograph of the lineup reveals that defendant's appearance was sufficiently similar to that of the other fillers (People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833; People v Wilson, 239 AD2d 264, lv denied 90 NY2d 944). Defendant's hairstyle was not so dissimilar from those of the other participants as to render the lineup unduly suggestive. The court properly precluded defendant from calling additional witnesses at the Wade hearing since the court never reached the issue of independent source and their testimony was not relevant to the admissibility of the lineup. The verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). Issues concerning the reliability of the complainant's identification were properly presented to the jury for its consideration and we see no reason to disturb its findings.

The court properly granted the People's objection, made pursuant to Batson v Kentucky (476 US 79), to a defense peremptory challenge. The court's determination that defendant's race-neutral reason for challenging the prospective juror was pretextual is entitled to great deference on appeal (People v Hernandez, 75 NY2d 350, affd 500 US 352), particularly since the proffered reason was demeanor-based, and since the totality of the Batson ruling establishes that in making its determination the court employed its unique opportunity to view the venireperson's actual demeanor. In rejecting defense counsel's reason, the court implicitly rejected the claim, for which there

is no record support, that the juror was inattentive (*see, People v Artis*, 262 AD2d 215, *affd* 94 NY2d 507).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, P. J., Nardelli, Tom, Mazzarelli and Wallach, JJ.