■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARMINE GRAZIANO, Respondent. [824 NYS2d 175]—

Appeal by the People from so much of an order of the Supreme Court, Nassau County (LaPera, J.), dated May 5, 2006, as granted that branch of the defendant's omnibus motion which was to dismiss count one of the indictment charging the defendant with enterprise corruption on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss count one of the indictment is denied, and count one of the indictment is reinstated.

The respondent was indicted for enterprise corruption, promoting gambling in the first degree, possession of gambling records in the first degree, and conspiracy in the fifth degree in connection with his alleged participation in an unlawful gambling enterprise in Nassau County and elsewhere. The defendant moved to dismiss the indictment on the ground that the evidence was legally insufficient. The Supreme Court granted that branch of the motion which was to dismiss count one of the indictment charging enterprise corruption and otherwise denied the motion.

The evidence presented to the grand jury, viewed in a light most favorable to the prosecution, was sufficient to support the charge of enterprise corruption (*see People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; Penal Law § 460.20 [1] [a]). Contrary to the Supreme Court's finding, the evidence established that the defendant was associated with a criminal enterprise that had "a continuity of existence, structure and criminal purpose beyond the scope of individual criminal incidents" (Penal Law § 460.10 [3]). Accordingly, the defendant's omnibus motion should have been denied in its entirety. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.