Same memorandum as in *People v Gianni* (64 AD3d 1176 [2009]). Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.

▆ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELISSA GIANNI, Respondent. (Appeal No. 2.) [881 NYS2d 757]—

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 1, 2008. The order, insofar as appealed from, upon reconsideration denied the People's request for reinstatement of the first count of the indictment or, in the alternative, an order reducing the first count to the lesser included offense of attempted assault in the second degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, the People appeal from an order insofar as it granted that part of defendant's omnibus motion to dismiss the first count of the indictment, charging defendant with assault in the second degree (Penal Law § 120.05 [9]) for allegedly causing physical injury to her seven-month-old child. That order insofar as appealed from was superseded by the order in appeal No. 2, however, which granted the motion of the People seeking reconsideration of their opposition to that part of defendant's omnibus motion seeking to dismiss the first count of the indictment and, upon reconsideration, denied the People's request for reinstatement of the first count or, in the alternative, an order reducing the first count to attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [9]). We therefore dismiss the appeal from the order in appeal No. 1.

We affirm the order in appeal No. 2. County Court properly determined that the evidence before the grand jury was legally insufficient to establish either assault in the second degree or attempted assault in the second degree (*see* CPL 210.20 [1] [b]). Legally sufficient evidence is "competent evidence which, if ac-

cepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Jensen*, 86 NY2d 248, 252 [1995]). "In the context of a [g]rand [j]ury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Bello*, 92 NY2d 523, 526 [1998]). Here, it is undisputed that, when defendant moved a humidification tube inserted into her child's neck, water entered the tracheostomy hole and caused the child to cough, gag, turn red and experience reduced oxygen levels. Viewing the evidence in the light most favorable to the People (*see People v Jennings*, 69 NY2d 103, 114 [1986]), we conclude that they failed to present prima facie proof that defendant caused or attempted to cause physical injury to the child (*cf. People v Sylvester*, 254 AD2d 711, 712 [1998]; *see generally People v Shanklin*, 59 AD2d 588, 589 [1977]). Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.