■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. CAMPBELL, Appellant. [891 NYS2d 291]–

In the context of grand jury procedure, "legally sufficient evidence means proof of a prima facie case, not proof beyond a reasonable doubt" (*People v Gordon*, 88 NY2d 92, 95-96 [1996]). A court reviewing the legal sufficiency of evidence presented to the grand jury must determine whether that evidence, when viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury (*see People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]).

Here, the evidence presented to the grand jury, viewed in the light most favorable to the People, was legally sufficient to support count one of the indictment, charging the defendant with murder in the second degree (*see* Penal Law § 125.25 [1]), count two of the indictment, charging the defendant with attempted murder in the second degree (*see* Penal Law §§ 110.00, 125.25 [1]), count three of the indictment, charging the defendant with attempted assault in the first degree (*see* Penal Law §§ 110.00, 120.10 [1]), and count six of the indictment, charging the defendant with assault in the third degree (*see* Penal Law § 120.00 [1]). The grand jury could have reasonably inferred from the evidence that the defendant acted with the culpable mental state of intent required to commit each of those offenses (*see* Penal Law § 15.05 [1]; *see generally People v Steinberg*, 79 NY2d 673, 682 [1992]). Since the grand jury could have rationally drawn such inferences, the fact that the evidence presented to the grand jury also is susceptible of other inferences as to the defendant's culpable mental state is irrelevant (*see generally People v Jensen*, 86 NY2d at 252). Accordingly, the County Court erred in granting that branch of the defendant's omnibus motion which was to dismiss counts one, two, three, and six of the indictment on the ground that the evidence presented to the grand jury was legally insufficient.

Further, the grand jury proceeding was not rendered defective by the People's failure to instruct the grand jury that, in order to indict the defendant, the evidence had to exclude to a moral certainty every hypothesis but guilt. Initially, the evidence presented to the grand jury was not wholly circumstantial. Rather, certain of the defendant's statements regarding the subject incidents, as related by a police witness, constituted direct evidence of several of the principal facts in issue (*see People v Licitra*, 47 NY2d 554, 559-560 [1979]; *People v Rumble*, 45 NY2d 879, 880 [1978]). Thus, the rigorous standards applied to prosecutions based exclusively on circumstantial evidence are not applicable here (*see People v Licitra*, 47 NY2d at 560; *People v Rumble*, 45 NY2d at 881).

In any event, even if this case were based on wholly circumstantial evidence, the People were not required to instruct the grand jury that, in order to indict the defendant, the evidence before it had to exclude to a moral certainty every hypothesis but guilt (*see People v Deegan*, 69 NY2d 976, 979 [1987]; *see also People v Wooten*, 283 AD2d 931, 932 [2001]). Accordingly, the County Court erred in granting that branch of the defendant's omnibus motion which was to dismiss counts one, two, three, and six of the indictment on the ground that the grand

jury proceeding was defective. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.