THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. NEWMAN, Appellant. [897 NYS2d 350]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered November 2, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the third degree as a hate crime and harassment in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree as a hate crime (Penal Law § 120.00 [1]; § 485.05 [1] [a]) and two counts of harassment in the second degree (§ 240.26 [1]). Contrary to the contention of defendant, Supreme Court properly sustained the People's *Batson* challenge to his use of peremptory challenges to exclude three African-American prospective jurors. Although the court should have set forth its application of the three-step *Batson* inquiry in more explicit terms to make a "meaningful record" (*People v Payne*, 88 NY2d 172, 184 [1996]), "the actual conduct of the inquiry [is] . . . within the sound discretion . . . of the . . . court[ ]" (*People v Hameed*, 88 NY2d 232, 237 [1996], *cert denied* 519 US 1065 [1997]), and the record establishes that the court properly conducted the requisite three-step inquiry. The implicit determination of the court "that defendant's race-neutral reason for challenging the prospective juror[s] was pretextual is entitled to great deference on appeal . . . , particularly [because] the proffered reason was demeanor-based[ ] and . . . the totality of the *Batson* ruling establishes that[,] in making its determination[,] the court employed its unique opportunity to view the [prospective jurors'] actual demeanor" (*People v Fraser*, 271 AD2d 205, 205 [2000], *lv denied* 95 NY2d 796 [2000]).

We reject the further contention of defendant that the evidence of physical injury was legally insufficient to support his conviction of assault in the third degree as a hate crime (*see* Penal Law § 10.00 [9]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim testified that he lost consciousness when defendant punched him in the face, that he was unable to perform certain duties of his job as a police officer because he sustained a mild concussion, and that he experienced pain in his

jaw and headaches for at least one week following the incident. The element of physical injury "can be established through a victim's credible description of his or her injuries" (*People v Pinero-Baez*, 67 AD3d 469 [2009], *lv denied* 13 NY3d 941 [2010]; *see People v Guidice*, 83 NY2d 630, 636 [1994]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that "the 'evidence of the subjective pain [of the victim] . . . , the swelling induced by the injury, and the length of time that the pain . . . continued is sufficient . . . to establish physical injury'" (*People v Golden*, 309 AD2d 1204, 1206 [2003]; *see also People v Witt*, 56 AD3d 324 [2008], *lv denied* 11 NY3d 931 [2009]; *People v Hicks*, 35 AD3d 1027, 1029 [2006]).

Finally, defendant failed to preserve for our review his contention that the prosecutor improperly elicited bolstering testimony (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Smith, J.P., Centra, Fahey and Pine, JJ.