# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1310

KA 10-00803

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

RASHEED MILTON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered March 24, 2010. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault (two counts), criminal possession of a weapon in the third degree, and unlawful imprisonment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of predatory sexual assault (Penal Law § 130.95 [1] [b]; [3]). Defendant contends that the People committed a *Brady* violation inasmuch as they failed to inform him that one of the investigating police officers who testified at trial had a second job as a private investigator for an agency that is periodically retained by the law firm representing the victim in a personal injury action arising out of the incident underlying the conviction. We reject that contention. Even assuming, arguendo, that such information constituted *Brady* material on the ground that it could be used to impeach the officer's testimony, we conclude that there was no "reasonable possibility that the outcome of the trial would have differed had [that information] been [disclosed]" (*People v Scott*, 88 NY2d 888, 891; *see People v Vilardi*, 76 NY2d 67, 77).

Defendant's further contention that he was deprived of a fair trial based on prosecutorial misconduct is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention is without merit. "Reversal on the ground[] of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711), and that is not the case here. We reject defendant's contention

that he was denied effective assistance of counsel.  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  We have considered defendant's remaining contentions and conclude that they are without merit.


Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court