# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**94**

**KA 12-01643**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                              MEMORANDUM AND ORDER

FRANK VANALST, ALSO KNOWN AS SHAUN JOHNSON,
DEFENDANT-RESPONDENT.

---

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR APPELLANT.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), entered April 9, 2012. The order granted the motion of defendant to dismiss the indictment.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Ontario County Court for further proceedings in accordance with the following Memorandum: The People appeal from an order dismissing the sole count of the indictment, which charged defendant with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), based on the alleged legal insufficiency of the evidence before the grand jury. The People contend that County Court applied an incorrect legal standard in reviewing that evidence. We agree.

"The grand jury 'must have before it evidence legally sufficient to establish a prima facie case, including all the elements of the crime, and reasonable cause to believe that the accused committed the offense to be charged' " (*People v Wyant*, 98 AD3d 1277, 1277, quoting *People v Jensen*, 86 NY2d 248, 251-252). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Swamp*, 84 NY2d 725, 730). On a motion to dismiss an indictment for legal insufficiency (*see* CPL 210.20 [1] [b]), the court "must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted . . . would warrant conviction" (*Swamp*, 84 NY2d at 730; *see Jensen*, 86 NY2d at 251; *People v Jennings*, 69 NY2d 103, 114). Thus, the foregoing standard limits the reviewing court to determining whether the evidence before the grand jury, together with the inferences that logically flow therefrom, supplies proof of every element of the charged crimes "and whether 'the [g]rand [j]ury could rationally have

drawn the guilty inference' " (*People v Bello*, 92 NY2d 523, 526, quoting *People v Deegan*, 69 NY2d 976, 979).

Here, in dismissing the indictment, the court concluded that the police were not justified in pursuing defendant when he fled and thereafter allegedly dropped the narcotics that he was charged with possessing.  That was error.  The court did not decide the motion under the well-established standards set forth above; rather, the court decided the motion based on its improper determination of a suppression issue in the context of a motion to dismiss pursuant to CPL 210.20 (1) (b) (*see generally Jensen*, 86 NY2d at 251-252).  In any event, it is further well established that, even "[i]f competent prima facie evidence underlying an indictment is subsequently rendered inadmissible [after a suppression hearing,] the legal sufficiency of the indictment is not undermined" (*People v Gordon*, 88 NY2d 92, 96; *cf*. CPL 210.20 [1] [h]).

We therefore hold the case, reserve decision, and remit the matter to County Court to determine whether the evidence before the grand jury is legally sufficient to support the indictment without regard to the alleged violations of defendant's rights under the Fourth Amendment or article I, § 12 of the New York Constitution, and to determine any remaining issues in connection with defendant's request for dismissal of the indictment.

Entered:  February 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court