OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, on the law, and the branch of defendant’s motion seeking to dismiss so much of the accusatory instrument as charged defendant with official misconduct is denied.
The People charged defendant, in a misdemeanor information, with official misconduct (Penal Law § 195.00 [2]) and obstructing governmental administration in the second degree (Penal Law § 195.05). Subsequently, defendant moved to dismiss the information for facial insufficiency. By order dated March 29, 2011, the District Court dismissed the accusatory instrument on the ground that the attached documentation constituted inadmissible hearsay. Upon the People’s prior appeal, this court, holding that the hearsay issue had been waived and that the District Court had improperly raised it sua sponte, reversed that order, and remitted the matter to the District Court for a determination on the merits (People v Lemma, 37 Misc 3d 143[A], 2012 NY Slip Op 52289[U] [2012]). Upon reconsideration of the motion, the District Court, by order dated February 11, 2013, dismissed the accusatory instrument *36 as facially insufficient (39 Misc 3d 399 [2013]). The People appeal, as limited by their brief, from so much of the February 11, 2013 order as dismissed the count of the information charging defendant with official misconduct.
Penal Law § 195.00 (2) states:
“A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit
“[h]e knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.”
The issues raised by this appeal are whether the information sufficiently pleaded that a specified failure to act on defendant’s part was a knowing failure to perform a duty which is imposed upon him by law or is clearly inherent in the nature of his job as a police officer, and whether the information sufficiently pleaded that defendant had the requisite intent to deprive another person of a benefit.
According to the information and supporting documentation, defendant, a police officer, was involved in investigating a robbery that had occurred on March 26, 2005. A suspect, Raheem Crews, was arrested by other officers in connection with that robbery on May 27, 2005. The information alleges that “on June 1, 2005, the defendant verified Raheem Crews was incarcerated on March 26, 2005, and therefore realized that Raheem Crews could not have committed the robbery on March 26, 2005.” However, “the defendant decided to keep the information to himself that Raheem Crews was incarcerated on March 26, 2005, and did not exonerate Raheem Crews from the above mentioned robbery.” Indeed, as defendant testified at his deposition in a related civil lawsuit, he decided to “ [1] et the chips fall where they may.” Crews was incarcerated in conjunction with the March 26, 2005 robbery from May 28, 2005 through September 29, 2005, and the accusatory instrument charging Crews was ultimately dismissed on October 17, 2005.
In order to be facially sufficient, an information, together with any supporting deposition accompanying or filed in connection with an information (see CPL 100.20, 100.40 [1] [b]), must allege nonhearsay facts of an evidentiary nature establishing, if true, each element of the charged offense and the defendant’s commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Kalin, 12 NY3d 225, 228-229 [2009]). Here, the hearsay issue has been waived (People v Lemma, 37 Misc 3d *37 143[A], 2012 NY Slip Op 52289[U] [2012]). In any event, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). Giving the information and supporting documents such a reading, we find that it is jurisdictionally sufficient to allege the offense of official misconduct in violation of Penal Law § 195.00 (2). Contrary to defendant’s arguments, these documents sufficiently plead that a failure to act on defendant’s part was a knowing failure to perform a duty that is clearly inherent in the nature of his job, and that he had the requisite intent to deprive Crews of a benefit.
Accordingly, the order, insofar as appealed from, is reversed, and the branch of defendant’s motion seeking to dismiss so much of the accusatory instrument as charged defendant with official misconduct is denied.