■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK CASTALDO, Respondent. [46 NYS3d 115]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Neary, J.), dated August 3, 2015, as granted that branch of the defendant's omnibus motion which was pursuant to CPL 210.20 to dismiss the indictment, and dismissed the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings on the indictment.

The defendant was a Senior Investigator at the Putnam County Sheriff's Department. He and his partner, Chief Criminal Investigator Gerald Schramek, were involved in an incident on July 3, 2014, when a prisoner, whom they were escorting from arraignment, reached for Chief Schramek's gun. The prisoner was subdued and, thereafter, the defendant proceeded to kick, punch, and use other force upon the prisoner, including holding the prisoner from behind around the neck, which police witnesses described as an unauthorized choke hold. The defendant was indicted on charges of offering a false instrument for filing in the first degree, related to his written report on the incident omitting his use of a choke hold, official misconduct, related to his failure to file any paperwork on his use of force or conduct until July 8, 2014, and attempted assault in the third degree.

In an omnibus motion, the defendant moved, inter alia, pursuant to CPL 210.20 to dismiss the indictment. The Supreme Court granted that branch of his motion on the grounds that the grand jury was not properly instructed on the standards of proof required to vote an indictment and the evidence was legally insufficient to support the charges of offering a false instrument for filing in the first degree and official misconduct. The People appeal.

"[A] Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.*, 49 NY2d 389, 394 [1980]; *see People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Burch*, 108 AD3d 679, 680 [2013]). However, "[w]hen the District Attorney's instructions to the Grand Jury are so incomplete or misleading as to substantially undermine [its] essential function, it may fairly be said that the integrity of that body has been impaired" such that dismissal of the indictment is proper (*People v Calbud, Inc.*, 49 NY2d at 396; *see* CPL 210.20 [1] [c]; 210.35 [5]; *People v Caracciola*, 78 NY2d 1021 [1991]). Here, the Supreme Court determined that the grand jury was not properly instructed on the standards of proof because it was not instructed on the definitions of "legally sufficient evidence" and "reasonable cause to believe that a person has committed an offense" as set forth in CPL 70.10. However, those standards were defined for the grand jurors during their impanelment. Although the minutes of the grand jury impanelment apparently were not available for review during the Supreme Court's inspection of the grand jury minutes, those minutes are a part of the record of the proceedings (*see* CPL 190.25 [6]), and may be considered by this Court on appeal (*see Williams v Naylor*,

64 AD3d 588, 589 [2009]; *People v Davis*, 161 AD2d 787, 788 [1990]; *Deal v Meenan Oil Co.*, 153 AD2d 665, 665-666 [1989]; *Matter of Cohen v Seletsky*, 142 AD2d 111, 117 [1988]). Accordingly, the grand jury was properly instructed on the standards of proof, and the Supreme Court's dismissal of the indictment on the basis of improper instructions must be reversed.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction' " (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Wisey*, 133 AD3d 799, 799-800 [2015]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Wisey*, 133 AD3d at 800). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Bello*, 92 NY2d 523, 526 [1998]; *see People v Mayo*, 36 NY2d 1002, 1004 [1975]). "That other, innocent inferences could possibly be drawn from the facts is irrevelant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Bello*, 92 NY2d at 526; *People v Jensen*, 86 NY2d at 252; *People v Wisey*, 133 AD3d at 800).

Here, the evidence presented to the grand jury, when viewed in the light most favorable to the People, was legally sufficient to support the charge of offering a false instrument for filing in the first degree. The elements of that crime are "(1) knowledge that the instrument is false, (2) intent to defraud the State or any of its subdivisions, and (3) presentation of the instrument for filing" (*People v Chaitin*, 94 AD2d 705, 705 [1983], *affd* 61 NY2d 683 [1984]; *see* Penal Law § 175.35 [1]; *People v Larue*, 129 AD2d 904, 905 [1987]). The People's theory was that the defendant committed this crime by submitting a "P-1" report to the Sheriff's Department regarding the incident, which failed to state his use of a choke hold on the prisoner. The Supreme Court determined that the evidence was legally insufficient to support this charge because (1) no qualified expert evidence of what exactly constitutes a choke hold was presented, leaving the grand jurors with no basis beyond their own personal opinion as to whether this very specific technique was utilized

in this case, and (2) the omission of any mention of the alleged choke hold did not render the P-1 report a false instrument within the meaning of the statute.

Expert testimony is properly admitted "when it would help to clarify an issue calling for professional or technical knowledge . . . beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *see People v Santi*, 3 NY3d 234, 246 [2004]). "While expert testimony may be properly admitted in certain cases, it is not always required" (*People v Santi*, 3 NY3d at 246; *see People v Cratsley*, 86 NY2d 81, 87 [1995]). Here, trained police officers, including a police instructor, testified as to the conduct which constitutes a prohibited choke hold and recounted their observations of the defendant's conduct that led them to conclude that he utilized a choke hold on the prisoner, based on their training. The grand jury also viewed a videotape of the incident. The evidence provided a reasonable basis for the grand jury to infer that the defendant utilized the prohibited technique, and no expert testimony was required (*see People v Swamp*, 84 NY2d 725, 733 [1995]).

Further, a knowing omission in an instrument may support a charge of offering a false instrument for filing (*see Matter of Board of Educ. of Hauppauge Union Free Sch. Dist. v Hogan*, 109 AD3d 817, 819 [2013]; *People v Parks*, 53 AD3d 688, 690 [2008]; *People v Hure*, 16 AD3d 774, 774-775 [2005]; *People v Stumbrice*, 194 AD2d 931, 934 [1993]; *People v Cornell*, 103 AD2d 953, 954 [1984]). The defendant's P-1 report was required to contain a complete accounting of his use of force (*cf. People v Mount Hope Asphalt Corp.*, 167 Misc 2d 517, 521 [Suffolk County Ct 1995]). The alleged choke hold was described by a police witness as the main type of force used in the incident, which, due to its omission from the reports of the defendant and his partner, would not have been uncovered absent the discovery of video of the encounter. Thus, contrary to the Supreme Court's determination, the People presented evidence sufficient to establish, prima facie, that the defendant knowingly omitted this material information from his P-1 report, rendering his account of the incident false, with the intent to defraud the Sheriff's Department into believing that he had followed all rules and regulations regarding the use of force (*see People v Swamp*, 84 NY2d at 733; *People v Stumbrice*, 194 AD2d at 934).

Contrary to the Supreme Court's determination, the evidence presented to the grand jury, when viewed in the light most favorable to the People, was also legally sufficient to support

the charge of official misconduct based on the defendant's failure to file a written report concerning the incident until July 8, 2014. A public servant is guilty of official misconduct when, "with intent to obtain a benefit or deprive another person of a benefit . . . [h]e [or she] knowingly refrains from performing a duty which is imposed upon him [or her] by law or is clearly inherent in the nature of his [or her] office" (Penal Law § 195.00 [2]; *see People v Lemma*, 50 Misc 3d 34, 36 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). "A duty which is 'clearly inherent in the nature of the office' encompasses those unspecified duties that are so essential to the accomplishment of the purposes for which the office was created that they are clearly inherent in the nature of the office" (*People v Lynch*, 176 Misc 2d 430, 433 [Rockland County Ct 1998]; *see People v Jackson*, 35 Misc 3d 179, 187-188 [2011]; *People v Ridge*, 25 Misc 3d 432, 439 [Nassau Dist Ct 2009]). "Good faith but honest errors in fulfilling one's official duties" are not encompassed in the statute (*People v Feerick*, 93 NY2d 433, 445 [1999]).

Here, filing reports on encounters with prisoners is a duty clearly inherent in the nature of the defendant's law enforcement employment (*see People v Sutton*, 199 AD2d 878 [1993]; *People v Hardwick*, 137 AD2d 714, 717 [1988]). The People presented evidence that the defendant was required to complete a report on the incident immediately following its occurrence, and was aware of that requirement, but failed to do so until five days later, after videotape of the encounter was discovered and he was ordered to complete a report. Further, while the defendant notified superiors about the prisoner's attempted escape, he did not notify anyone about the level of his subsequent force used, and he thereafter repeatedly inquired of fellow officers what the prisoner had said to them. The grand jury could rationally have drawn an inference from this evidence that the defendant's failure to file the required paperwork until he was ordered to days later was not a "good faith but honest error," but was done with the intent to benefit himself by secreting his use of force (*People v Feerick*, 93 NY2d at 445; *see generally People v Bello*, 92 NY2d at 526). Thus, the People presented evidence sufficient to establish, prima facie, that the defendant committed the crime of official misconduct (*see People v Hardwick*, 137 AD2d at 716-717; *People v Lemma*, 50 Misc 3d at 37).

Accordingly, the Supreme Court should have denied that branch of the defendant's omnibus motion which was to dismiss the indictment. Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.