Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), dated February 11, 2015. The order, inter alia, denied that part of the pro se motion of defendant seeking, pursuant to CPL 440.30 (1-a), DNA testing of a bra and shirt worn by the victim of defendant’s sexual assault.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from an order that, inter alia, denied that part of his pro se motion seeking, pursuant to CPL 440.30 (1-a), DNA testing of a bra and shirt worn by the victim of defendant’s sexual assault. Those clothing items were admitted in evidence at defendant’s trial, which resulted in his conviction of, inter alia, two counts of predatory sexual assault (Penal Law § 130.95 [1] [b]; [3]). This Court previously affirmed the judgment of conviction (People v Milton, 90 AD3d 1636 [4th Dept 2011], lv denied 18 NY3d 996 [2012]). Inasmuch as DNA obtained from the victim’s rape kit vaginal swab was tested and showed that defendant was the contributor, at trial defendant did not dispute that he had sexual intercourse with the victim. The defense theory, instead, was that the sexual encounter was consensual. We conclude that Supreme Court properly denied defendant’s request for additional DNA testing without a hearing inasmuch as “ ‘defendant failed to establish that there was a reasonable probability that, had [the bra and shirt] been tested and had the results been admitted at trial, the verdict would have been more favorable to defendant’ ” (People v Swift, 108 AD3d 1060, 1061 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]; see People v Letizia, 141 AD3d 1129, 1130 [4th Dept 2016], lv denied 28 NY3d 1073 [2016], denied reconsideration 28 NY3d 1186 [2017]). We further conclude that, contrary to defendant’s contention, the court’s decision read in totality shows that it applied the proper standard in denying defendant’s request (see CPL 440.30 [1-a] [a] [1]; cf. People v Vanalst, 103 AD3d 1227, 1227-1228 [4th Dept 2013]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Trout-man, JJ.