The People of the State of New York,
against
Moses Bethune, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J., at speedy trial motion; Robert M. Mandelbaum, J., at trial), rendered June 24, 2015, after a jury trial, convicting him of resisting arrest, and imposing sentence.




Per Curiam.
Appeal from judgment of conviction (Erika M. Edwards, J., at speedy trial motion; Robert M. Mandelbaum, J., at trial), rendered June 24, 2015, held in abeyance, and the matter remanded for further proceedings on defendant's speedy trial motion.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of resisting arrest (see Penal Law § 205.30) and contained sufficient factual allegations to support the conclusion that the underlying arrest which defendant resisted was "authorized," i.e., that the officer had "probable cause" to arrest defendant (People v Jensen, 86 NY2d 248, 253 [1995]; see People v Finch, 23 NY3d 408, 416 [2014]; People v Alejandro, 70 NY2d 133, 135 [1987]). Insofar as is relevant, the information alleges that as the deponent police officer attempted to write a traffic summons, defendant drove and parked his vehicle "directly in front of deponent's vehicle ... preventing deponent from moving [his] vehicle," and that defendant then exited his vehicle and "further obstruct[ed] deponent's path by standing in front" of his vehicle yelling in substance "Go ahead, hit me. You aren't going anywhere." These allegations were sufficient to establish, inter alia, that the police had probable cause to arrest defendant for obstruction of governmental administration in the second degree (see Penal Law § 195.05; People v Box, 34 Misc 3d 160[A], 2012 NY Slip Op 50492[U] [App Term, 1st Dept 2012], lv denied 19 NY3d 957 [2012]; People v Ballard, 28 Misc 3d 129[A], 2010 NY Slip Op 51221[U] [App Term, 9th and 10th Jud Dists 2010]).
With respect to defendant's speedy trial motion, the dispositive issue is whether the People's December 18, 2012 off-calendar statement of readiness was illusory because the People answered not ready at the next three court appearances. However, given that defendant first challenged the December 18 off-calendar statement of readiness at argument of the motion, "a summary disposition of the motion was not warranted and the record is insufficient to determine [*2]whether the statement of readiness was illusory" (People v Brown, 28 NY3d 392, 408-409 [2016]; see People v Allard, 28 NY3d 41, 46 [2016]). The case is therefore remitted to Criminal Court to conduct a hearing on that issue, as the People request.
At this stage of the appeal, we do not address defendant's remaining challenges to the trial conviction.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 21, 2017