The People of the State of New York, Respondent,
against
Monique Esposito, Appellant.




Appellate Advocates (Michael Arthus of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered December 2, 2015. The judgment convicted defendant, upon a jury verdict, of common-law driving while intoxicated and resisting arrest, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and the information is dismissed.
In an information charging defendant with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and resisting arrest (Penal Law § 205.30), a police officer alleged that, on March 8, 2015, at Ramona Avenue and Bloomingdale Road, in Staten Island:
"[he] responded to the scene of a motor vehicle collision . . . and observed the aftermath of said collision, including a 2006 Hyundai SUV with its frontend dented inward and driver's seat airbag deployed. [He] further states that he observed the defendant approximately two blocks away from said collision, near the intersection of Bloomingdale Road and Pembrook Loop, and the defendant stated in sum and substance: I WAS CHASING MY BOYFRIEND AND I HIT A TREE.
[He] states that he observed the defendant to be intoxicated in that, defendant had [*2]bloodshot, watery eyes, slurred speech, was unsteady on her feet, had flushed face and had an odor of alcohol emanating from her breath.
[He] further states that near the intersection of Bloomingdale Road and Pembrook Loop, the defendant did intentionally prevent or attempt to prevent a peace officer or police officer from effecting an authorized arrest of herself in that [he] was effecting an authorized arrest of the defendant for the above and the defendant did struggle with [him], pushed [him] away, tried to [sic] away from [him] and refused to be handcuffed"
Following a jury trial, defendant was found guilty of common-law driving while intoxicated and resisting arrest. On appeal, defendant contends, among other things, that the factual part of the information charging her with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) is jurisdictionally defective.
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution (see People v Dreyden, 15 NY3d 100, 103 [2010]). An information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offense(s) charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]; People v Westwood, 53 Misc 3d 74, 77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). The failure to meet these requirements may be asserted at any time, with the exception of a claim of hearsay, which, as here, is waived if not raised in a timely motion in the trial court (see People v Casey, 95 NY2d 354 [2000]).
Vehicle and Traffic Law § 1192 provides in part:
"3. Driving while intoxicated. No person shall operate a motor vehicle while in an intoxicated condition."
The salient facts set forth in the accusatory instrument with respect to defendant's operation of a vehicle are that a Hyundai SUV had been involved in a motor vehicle collision and that defendant was spotted two blocks away from the site of the accident and stated, "I was chasing my boyfriend and I hit a tree." There was no allegation as to what the vehicle had collided with. Nor was there any allegation connecting defendant to the vehicle or to the collision in question. Thus, even when "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d at 360), the accusatory instrument was jurisdictionally defective, as it failed to establish that defendant had operated the Hyundai SUV involved in the accident or, for that matter, any other vehicle.
To be jurisdictionally sufficient, the factual part of an accusatory instrument alleging resisting arrest (Penal Law § 205.30) must set forth allegations sufficient to establish, if true, that the defendant's arrest was lawful and "premised on probable cause" (People v Jensen, 86 NY2d 248, 253 [1995]; see People v Christiansen, 19 Misc 3d 134[A], 2008 NY Slip Op 50693[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). As the counts contained in the information charging defendant with common-law driving while intoxicated and driving while ability impaired are jurisdictionally defective for the reason noted above, we find that a necessary element of the charge of resisting arrest—that defendant's arrest was lawful—has not been alleged (see Penal Law § 205.30; People v Jensen, 86 NY2d 248; People v Alejandro, 70 NY2d 133; People v Cuthbert, 56 Misc 3d 140[A], 2017 NY Slip Op 51095[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Moreno, 47 Misc 3d 138[A], 2015 NY Slip Op 50587[U] [*3][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. People v Villegas, 54 Misc 3d 137[A], 2017 NY Slip Op 50134[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Since the only remaining allegation to support the claim that the arrest was lawful was the conclusory assertion that defendant had resisted an "authorized" arrest, the resisting arrest count of the information was likewise jurisdictionally defective (see People v Cuthbert, 56 Misc 3d 140[A], 2017 NY Slip Op 51095[U], *2-3).
In view of the foregoing, we pass on no other issue raised on appeal.
Accordingly, the judgment convicting defendant of common-law driving while intoxicated and resisting arrest is reversed and the information is dismissed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 03, 2018