People v Lewis (2018 NY Slip Op 06645)





People v Lewis


2018 NY Slip Op 06645


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


921 KA 14-01649

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT C. LEWIS, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Steuben County Court (Peter C. Bradstreet, J.), dated March 17, 2014. The order, insofar as appealed from, did not grant that part of defendant's motion seeking forensic DNA testing of evidence pursuant to CPL 440.30 (1-a). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order insofar as it failed to grant that part of his pro se motion seeking DNA testing of a rape kit and the victim's shirt and pants. The order addressed defendant's motion to the extent it sought to vacate the judgment of conviction pursuant to CPL 440.10, but did not address the motion to the extent it sought DNA testing pursuant to CPL 440.30 (1-a). Inasmuch as County Court's failure to rule on that part of defendant's motion "cannot be deemed a denial thereof" (People v Jones, 114 AD3d 1272, 1272 [4th Dept 2014] [internal quotation marks omitted]; see People v Stewart, 111 AD3d 1395, 1396 [4th Dept 2013]; see also People v Santana, 101 AD3d 1664, 1664 [4th Dept 2012], lv denied 20 NY3d 1103 [2013]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]), we hold the case, reserve decision, and remit the matter to County Court for a determination whether " there was a reasonable probability that, had th[e rape kit, shirt and pants] been tested and had the results been admitted at trial, the verdict would have been more favorable to defendant' " (People v Swift, 108 AD3d 1060, 1061 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]; see CPL 440.30 [1-a] [a] [1]; People v Pitts, 4 NY3d 303, 310 [2005], rearg denied 5 NY3d 783 [2005]; People v Milton, 155 AD3d 1583, 1584 [4th Dept 2017], lv denied 30 NY3d 1117 [2018], reconsideration denied 31 NY3d 1085 [2018]; People v Burr, 17 AD3d 1131, 1132 [4th Dept 2005], lv denied 5 NY3d 760 [2005],
reconsideration denied 5 NY3d 804 [2005]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court