■ NANCY J. PLINE, Appellant, v STATE OF NEW YORK, Respondent. [604 NYS2d 312] —Cardona, J. Appeal from an order of the Court of Claims (Lyons, J.), entered June 22, 1992, which denied claimant's motion to vacate the dismissal of her claim.

On April 27, 1984 claimant filed a claim against the State for personal injuries. Claimant also sued the City of Albany and Cooper Industries, Inc. in a related action in Supreme Court. On October 15, 1986 the State filed a note of issue. In January 1987, claimant's attorney and the State entered into a stipulation dismissing the claim with the condition that the claim could be reactivated if, within 60 days of the final disposition of the related Supreme Court action, claimant notified the Court of Claims of her intention to reactivate the claim and filed a note of issue. The stipulation also provided that if claimant failed to notify the Court of Claims within 60 days of the final disposition of the Supreme Court action, the dismissal of the claim against the State would become final. Claimant settled her Supreme Court action in October 1991 and the stipulation discontinuing that action was filed on November 25, 1991. By letter dated March 19, 1992, claimant's attorney notified the Court of Claims of claimant's intention to proceed with her claim against the State. Claimant's attorney did not file another note of issue. The court, by letter dated March 27, 1992, informed claimant's attorney that the claim had been dismissed because of claimant's failure to comply with the stipulation and denied claimant's application. Claimant subsequently moved to vacate the court's letter decision of March 27, 1992 and that application was denied by the court on June 18, 1992. This appeal ensued.

Claimant maintains that the finding by the Court of Claims that claimant failed to comply with the terms of the parties' written stipulation was error inasmuch as the stipulation was moot, because the precondition contained in it, i.e., the filing of a note of issue, had already been satisfied by the earlier filing of the note of issue on October 15, 1986. To accept this argument we would have to accept the untenable proposition that the filing of the note of issue in 1986 effectively negated the stipulation executed by the parties in January 1987. To the contrary, we agree with the Court of Claims that the parties' stipulation had the effect of negating the earlier note

of issue. We likewise reject claimant's argument that the attorneys were under the mistaken belief that no note of issue had been filed when they entered into the stipulation. The record is clear that the note of issue filed by the State was served on claimant's attorney of record by the same Assistant Attorney-General who later represented the State at the time of the stipulation.

"A party will be relieved from the consequences of a stipulation made during litigation '[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident' * * *" (Newman v Holland, 178 AD2d 866, 867, quoting Hallock v State of New York, 64 NY2d 224, 230). Claimant has made no such showing. The import of the terms of the parties' stipulation within the context of this case is clear: in order to have reactivated her action, claimant was required to notify the Court of Claims by letter and file a note of issue within 60 days after final disposition of the Supreme Court action. Claimant failed to satisfy either condition. The Court of Claims properly exercised its discretion by refusing to grant claimant's motion.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.