[724 NYS2d 763]

In the Matter of BARRY G. BELL, an Attorney, Resignor.

Second Department, May 21, 2001

APPEARANCES OF COUNSEL

*Barry G. Bell,* resignor *pro se.*

*Gary L. Casella,* White Plains (*Antonia Cippolone* of counsel), for Grievance Committee for the Ninth Judicial District.

OPINION OF THE COURT

Per Curiam.

Barry G. Bell has submitted an affidavit dated January 24, 2001, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Bell was admitted to the Bar on March 25, 1959, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department.

The respondent avers that his resignation is voluntary, free from coercion and duress, and submitted with a full awareness of its implications, including the fact that he will be barred pursuant to Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years. He is aware that he is currently the subject of an investigation based upon a *sua sponte* complaint initiated against him pursuant to the dishonored check reporting rules. The respondent avers that the Grievance Committee's investigation revealed that he failed to properly administer an escrow account and failed to properly safeguard funds which had been entrusted to him as a fiduciary.

The Grievance Committee has informed the respondent that charges brought against him would include breach of his fiduciary duty by failing to diligently review his attorney trust account records, thereby permitting client funds to be impaired, and failing to adequately supervise the use of such account, thereby failing to maintain the balance required on behalf of a particular client.

The respondent acknowledges that he cannot successfully defend himself on the merits against such charges. He is aware that the Appellate Division, in an order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) can be entered as a civil judgment against him and he specifically waives the right afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that the respondent's proffered resignation is the most expeditious way to conclude this matter and fully supports its acceptance.

As the proffered resignation comports with all appropriate Court rules, it is accepted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the resignation of Barry G. Bell is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry G. Bell is disbarred, and his name is stricken

from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Barry G. Bell shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barry G. Bell is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.