■ In the Matter of PAUL S. MAYER, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [733 NYS2d 305] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a physician. He has been licensed to practice medicine in New York since 1976 and specializes in obstetrics and gynecology. In March 2000, the Bureau of Professional Medical Conduct charged petitioner with a number of specifi-

cations of professional misconduct, including charges of gross negligence, gross incompetence, negligence on more than one occasion, incompetence on more than one occasion, failing to maintain adequate records, fraudulent practice, moral unfitness and inappropriate delegation of professional responsibilities committed with respect to three patients. At the outset of the evidentiary hearing conducted before a Hearing Committee of respondent State Board for Professional Medical Conduct, petitioner objected to the composition of the Hearing Committee based upon the fact that the "lay member" was a registered physician's assistant (see, Public Health Law § 230 [6]). The objection was overruled and the hearing proceeded. At the conclusion of the hearing, the Hearing Committee found petitioner guilty of a number of the specifications of misconduct with respect to two of the patients and ordered that his license to practice medicine be revoked. This proceeding pursuant to CPLR article 78 and Public Health Law § 230-c (5) ensued.

In our view, there is merit to the contention that the Hearing Committee was improperly composed of three medical practitioners whose professions are subject to the Public Health Law § 230 disciplinary process, therefore violating the requirement of Public Health Law § 230 (6) that a Hearing Committee "consist of two physicians and one lay member," and requiring that we annul the determination and remit for a new hearing (see, Matter of Orens v Novello, 284 AD2d 26, 28). We reject respondents' argument that, by failing to timely object to the composition of the Hearing Committee, petitioner waived that objection. The record shows that petitioner raised the objection at the outset of the hearing on April 12, 2000, before the parties made their opening statements or any evidence was presented. Although it would have been preferable for him to raise the issue at the April 4, 2000 prehearing conference, the record reflects that he received notice of the composition of the Hearing Committee that very day, thereby providing inadequate opportunity to prepare the challenge. Finally, we note that at the time of the April 12, 2000 objection, no issue was raised concerning its timeliness. To the contrary, the sole ground for rejection of petitioner's challenge was the conclusion of the Administrative Law Judge that a registered physician's assistant "fills the role of the layperson on the hearing committee."

In view of our determination that the matter must be remitted for a new hearing before a properly constituted Hearing Committee, petitioner's various challenges to the conduct of the hearing have been rendered academic.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted, and matter remitted to respondent State Board for Professional Medical Conduct for further proceedings not inconsistent with this Court's decision.