■ In the Matter of CHARLES C. LUCAS, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of the New York State Department of Health, et al., Respondents. [745 NYS2d 299] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which suspended petitioner's license to practice medicine in New York.

Following a disciplinary proceeding in 1996, petitioner's license to practice medicine was suspended for three years, with said suspension stayed, and petitioner was placed on probation. Pursuant to the terms of such probation, petitioner was to remain drug free and to notify the Office of Professional Medical Conduct of any disciplinary action taken against him in any other jurisdiction. In February 2001, petitioner was charged with violating the terms of his probation based upon a positive urine test and petitioner's failure to indicate on his 1999 registration renewal that he had been disciplined in North Carolina in 1998. Following a hearing, petitioner was found guilty, and a Hearing Committee of the State Board for Professional Medical Conduct suspended petitioner's license for an additional five years, stayed that suspension and placed him on probation. Upon administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) rejected petitioner's plea for a reduction in the penalty, suspended petitioner's license for five years, stayed only 54 months of such suspension and placed petitioner on probation. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to challenge the ARB's determination.

The sole argument advanced by petitioner on review is that the penalty imposed is unduly harsh. We cannot agree. Based upon our review of the record as a whole, and taking into consideration petitioner's prior disciplinary record, we cannot say that the penalty imposed by the ARB is so disproportionate to the underlying offense as to shock this Court's sense of fairness (see, *Matter of White v New York State Bd. for Profes-*

*sional Med. Conduct*, 277 AD2d 608, 611, *lv denied* 96 NY2d 716). To the extent that petitioner argues that his conduct "pales in comparison" to the misconduct at issue in the various disciplinary proceedings cited in his brief and, hence, should be subject to a lesser penalty, we need note only that the "penalties imposed in other cases are irrelevant because each case must be judged on its own peculiar facts and circumstances" (*Matter of Bezar v DeBuono*, 240 AD2d 978, 979).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.