■ In the Matter of PAUL S. MAYER, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [757 NYS2d 143] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5], upon remittal from the Court of Appeals) to review a determination of the Hearing Committee of respondent State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a physician specializing in obstetrics and gynecology. As detailed in our prior decision involving this matter, petitioner was found guilty of a number of specifications of professional misconduct by a Hearing Committee of respondent State Board for Professional Medical Conduct following an evidentiary hearing (288 AD2d ·780, 781 [2001], *revd* 99 NY2d 180 [2002]). Specifically, the Hearing Committee sustained specifications of gross negligence, gross incompetence, negligence and incompetence on more than one occasion, maintenance of inadequate records and fraud. The Hearing Committee ordered that petitioner's license to practice medicine be revoked.

Petitioner then commenced this CPLR article 78 proceeding challenging the Hearing Committee's determination. This Court concluded that the Hearing Committee was improperly constituted under Public Health Law § 230 (6) because it did not contain a "lay member" and, thus, we annulled the determination (*id.* at 781-782). Upon petitioner's appeal, the Court of Appeals concluded that the Hearing Committee was properly constituted, reversed and remitted the matter to us for consideration of issues raised in the proceeding but not previously determined by this Court (99 NY2d 180, 190 [2002]).

We reject petitioner's argument that annulment of the Hearing Committee's decision is required because evidentiary errors occurred which severely prejudiced him. Although petitioner challenges the admission of autopsy reports of a patient's fetus as serving no evidentiary purpose, petitioner placed at issue the fetus's condition as it pertained to his violation of the accepted standard of care in treating the patient, who sought termination of a pregnancy. In addition, the decision of the Administrative Law Judge (hereinafter ALJ) to

exclude the deposition testimony of the patient who respondents did not have an opportunity to cross-examine was in accord with the Uniform Hearing Procedures promulgated by the Department of Health (see 10 NYCRR 51.11 [d] [3]). Even if we were to conclude that these evidentiary rulings were improper, the alleged errors were harmless and did not infect the proceeding with unfairness (see Matter of Kaphan v DeBuono, 268 AD2d 909, 912 [2000]; Matter of Morfesis v Sobol, 172 AD2d 897, 897 [1991], lv denied 78 NY2d 856 [1991]).

Petitioner also contends that the ALJ incorrectly instructed the Hearing Committee on the definition of fraud and the evidentiary standard to prove fraud. The ALJ, however, properly instructed the Hearing Committee that "practicing the profession fraudulently" involves the intentional misrepresentation or concealment of a known fact without the requirement that the fraud caused an injury to a patient or a benefit to the doctor (see Matter of Schwalben v DeBuono, 265 AD2d 609, 611 [1999]; Matter of Kim v Board of Regents of Univ. of State of N.Y., 172 AD2d 880, 881-882 [1991], lv denied 78 NY2d 856 [1991]). Moreover, petitioner's argument that specifications charging fraud are subject to a "clear and convincing evidence" standard is contrary to the applicable statutory provision, Public Health Law § 230 (10) (f), which provides that the Hearing Committee's conclusion "shall be based on a preponderance of the evidence."

Finally, we conclude that the determination is supported by substantial evidence and, given the nature of petitioner's misconduct here and his false statements made to medical personnel in attempting to reduce his responsibility for the practice of substandard medicine, we cannot say that the penalty of license revocation is "so incommensurate with the offense[s] as to shock one's sense of fairness" (Matter of D'Amico v Commissioner of Educ. of State of N.Y., 167 AD2d 769, 771 [1990]; cf. Matter of Addei v State Bd. for Professional Med. Conduct, 278 AD2d 551, 553 [2000]). We have considered petitioner's remaining arguments and find them to be lacking in merit.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.