Appeal by the People from an order of the County Court, Orange County (DeRosa, J.), dated August 12, 2002, which granted that branch of the omnibus motion of the defendants Paul S. Mayer and Hudson Valley Obstetrics & Gynecology, PC., which was to dismiss the indictment against them.
Ordered that the order is reversed, on the law, that branch of the omnibus motion which was to dismiss the indictment against the defendants Paul S. Mayer and Hudson Valley Obstetrics & Gynecology, PC., is denied, the indictment against those defendants is reinstated, and the matter is remitted to the County Court, Orange County, for trial before a different judge.
The defendant Paul S. Mayer was a physician specializing in obstetrics and gynecology before his license was revoked by the New York State Board for Professional Misconduct (hereinafter the Board). As detailed in two prior decisions of the Appellate Division, Third Department (see Matter of Mayer v Novello, 288 AD2d 780 [2001], revd 99 NY2d 180 [2002], on remand 303 AD2d 909 [2003]), Mayer was found guilty of a number of allegations of professional misconduct. Mayer commenced a CPLR article 78 proceeding challenging the Board’s determination. The Third Department granted the petition and annulled the revocation, finding that the Hearing Committee had been improperly composed of three medical practitioners (288 AD2d 780 [2001]). On appeal, the Court of Appeals reversed (99 NY2d *462 180 [2002]), and on remittitur, the Third Department ultimately upheld the revocation (303 AD2d 909 [2003]). After Mayer received notice of the Board’s determination, while his petition was pending before the Third Department, he obtained a temporary stay of enforcement of the revocation order. Mayer’s application for a stay was later denied by order dated November 9, 2000. On November 14, 2000, an assistant district attorney served a copy of that order on Mayer’s attorney, along with a letter informing him that the temporary stay would be vacated at the close of business on November 24, 2000. Mayer, nonetheless, continued to see patients at Hudson Valley Obstetrics & Gynecology, EC. (hereinafter Hudson Valley), his employer, after November 24, 2000. The Orange County District Attorney’s Office commenced a grand jury investigation into Mayer’s unauthorized practice of medicine, and on February 25, 2002, an indictment was filed charging Mayer and Hudson Valley with seven counts of unauthorized practice of medicine, six counts of insurance fraud in the fifth degree, and six counts of petit larceny. Mayer and Hudson Valley moved to dismiss the indictment on the grounds of legal impossibility by virtue of the annulment, lack of notice based on the failure to comply with Education Law § 6510 (4) (c) and Public Health Law § 230 (10) (h), and legally insufficient evidence that Mayer engaged in the practice of medicine. After conducting an in camera inspection of the grand jury minutes, the County Court granted that branch of the omnibus motion which was to dismiss the indictment against Mayer and Hudson Valley. We reverse.
The County Court erroneously concluded that the crimes charged under counts 1 and 7 alleging unauthorized practice of medicine on April 12, 2001, and June 9, 2001, respectively, were legally impossible. Although at the time the case was presented to the grand jury on February 6, 2002, and February 7, 2002, the Board’s determination revoking Mayer’s license was annulled, the Board’s revocation was ultimately upheld. In any event, the County Court mistakenly ignored the fact that the appeal of the Appellate Division’s order to the Court of Appeals automatically stayed enforcement of the order (see CPLR 5519 [a] [1]; Matter of Mayer v Novello, 97 NY2d 746 [2002]).
Further, we disagree with the County Court’s conclusion that the evidence before the grand jury was legally insufficient to establish that Mayer knew that revocation of his license was to take effect after November 24, 2000. The court mistakenly applied the service requirements of Education Law § 6510 (4) (c) and Public Health Law § 230 (10) (h), which require service of the Board’s determination on the licensee personally or by cer *463 titled mail, to the Appellate Division’s order denying the application for a stay. It is undisputed that Mayer was served by certified mail with a copy of the Board’s determination revoking his license. It is also undisputed that a copy of the Appellate Division’s order denying the stay application was served on Mayer’s attorney. Failure to serve Mayer with a copy of the Appellate Division’s order did not violate Education Law § 6510 (4) (c) and Public Health Law § 230 (10) (h), since those provisions apply only to the Board’s determination. Evidence of the mailing of the assistant district attorney’s November 14, 2000, letter, along with her testimony to such effect, was sufficient evidence to establish notice of the effective date of revocation (see People v Jensen, 86 NY2d 248 [1995]; People v Jennings, 69 NY2d 103 [1986]; People v Twine, 202 AD2d 613 [1994]). Under CPLR 2103, delivery is presumed upon proper mailing (see CPLR 2103; Strober King Bldg. Supply Ctrs. v Merkley, 266 AD2d 203 [1999]). Accordingly, dismissal of counts 2 through 6 was erroneous.
Dismissal of various counts based on legally insufficient evidence that Mayer engaged in the unauthorized practice of medicine was also error. It is well established that on a motion to dismiss an indictment, the court’s role is limited to determining “whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury” (People v Jensen, supra at 251 [internal quotation marks omitted]; see People v Jennings, supra at 114). “Legally sufficient” is “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof” {People v Jensen, supra at 252 [internal quotation marks omitted]; see People v Jennings, supra; CPL 70.10). Documentary evidence in the form of insurance claim forms submitted by Mayer for reimbursement, buttressed in most instances with testimonial evidence by patients, showed that Mayer engaged in conduct ranging from the performance of routine gynecological examinations to the performance of an elective abortion. The grand jury could certainly conclude from this evidence that Mayer had engaged in the unauthorized practice of medicine {see Education Law § 6521).
Dismissal of counts 8 through 19, which was predicated on the dismissal of the underlying counts 1 through 7, therefore, was also error. Santucci, J.E, Krausman, Townes and Cozier, JJ., concur.