■ In the Matter of JOSEPH S. KLEINPLATZ, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [788 NYS2d 505]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which, inter alia, revoked petitioner's license to practice medicine in New York.

In 1999, the Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner, a licensed physician who practiced primarily psychiatry, with fraudulently obtaining his license, practicing medicine fraudulently, willfully making or fil-

ing a false report, engaging in conduct evidencing moral unfitness to practice, failing to disclose a pending medical misconduct proceeding and failing to make requested relevant records available. The charges arose from a host of alleged conduct, including misrepresenting when he applied for his license in 1980 that he had graduated from a medical school in Juarez, Mexico, misrepresenting during his licensure reapplication in 1997 that no other state had instituted professional misconduct charges against him and that he had not been terminated from any prior medical positions, repeating the misrepresentations regarding no prior terminations as well as concealing that he had been licensed in Illinois in his application in 1998 for a medical position with St. Barnabus Hospital, and willfully refusing to make records requested by the BPMC available in that he would not sign a release permitting the BPMC to obtain his medical school records directly from the school. Following a lengthy and often contentious hearing during which petitioner elected not to testify, the Hearing Committee of respondent State Board for Professional Medical Conduct sustained—often by a divided vote—most of the charges against petitioner. The Hearing Committee revoked his license to practice medicine in New York.

Petitioner and the BPMC pursued review by respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB). The ARB overturned some of the Hearing Committee's determinations, including dismissing, without prejudice, the charge that petitioner had misrepresented having a medical degree. The ARB did, however, affirm findings that it determined constituted fraud, conduct evidencing moral unfitness and willfully filing false reports. Specifically, the ARB found that in his 1998 St. Barnabus Hospital application, petitioner concealed his Illinois licensure and denied having been previously terminated from a medical position when, in fact, he had been so-terminated in Illinois and in Maine, and in his 1997 reapplication for a New York license, he denied his prior terminations and also denied that any state had brought charges against him when, in fact, such charges had been brought in Illinois. The ARB further upheld the finding that his refusal to sign a release for his medical school records as requested by the BPMC constituted professional misconduct. Noting, among other things, petitioner's "repeated fraudulent conduct to conceal information," the ARB unanimously voted to revoke petitioner's license. Petitioner then commenced this proceeding.

Petitioner initially argues that it was error to find professional misconduct as a result of his refusal to sign a release

providing the BPMC access to his foreign medical school records. Statutory definitions of professional misconduct are set forth in Education Law § 6530 and the misconduct described in subdivision (28) of that section includes failing "to make available any relevant records with respect to an inquiry or complaint about the licensee's professional misconduct." Here, the charges included the serious allegation that petitioner had not completed medical school requirements. The school he attended was located in another country and that school took the position that it would not supply records regarding petitioner unless presented with a release from petitioner as to those records. Access to petitioner's medical school records was relevant to a significant issue regarding his purported misconduct. His contention that he was relieved from any obligation regarding the records because they were in the control of a third party is unpersuasive. Under the circumstances presented, we find no error in the ARB finding a separate basis for professional misconduct because of petitioner's refusal to cooperate in permitting access to his foreign medical school records. Such a finding is consistent with both the language and intent of Education Law § 6530 (28).

Nor are we convinced by petitioner's contention that the issue regarding the validity of his medical education tainted the ARB's findings on the other charges of misconduct. There is nothing other than sheer speculation regarding such contention. The record contains substantial evidence supporting the ARB's findings that petitioner misrepresented in both his 1997 reapplication for a license and his 1998 employment application the fact that he had been recently terminated from two medical positions and also that he failed to disclose in his 1997 reapplication that misconduct charges had been brought against him in Illinois. Moreover, petitioner's decision not to testify regarding the charges afforded the basis for the adverse inference employed by the ARB (see *Matter of Youssef v State Bd. for Professional Med. Conduct*, 6 AD3d 824, 826 [2004]; *Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 825 [1994]).

There is merit, however, to the argument that the ARB, when reciting a pattern of fraudulent conduct as a basis to revoke petitioner's license, should not have relied, in part, upon petitioner's alleged failure to disclose his Illinois licensure in his 1998 application to St. Barnabus Hospital. Ostensibly lost within the voluminous record was the fact that the BPMC's counsel stipulated on the record before the Hearing Committee that petitioner told St. Barnabus Hospital that he was licensed in Illinois. While the fact that this stipulation occurred was ap-

parently overlooked and not argued before the ARB, the impact of the stipulation nevertheless cannot be disregarded (*cf. Pline v State of New York*, 198 AD2d 753, 754 [1993]), and such stipulation precludes finding substantial evidence supporting the conclusion that petitioner did not disclose his Illinois license. Since the penalty of revocation was based, in part, upon a pattern of fraudulent conduct and one incident that comprised the pattern should not have been considered, we must remit the matter for a redetermination of the penalty on the remaining substantiated charges.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of paragraph E.1.c of the factual allegations; petition granted to that extent and matter remitted to respondent Administrative Review Board for Professional Medical Conduct for redetermination of the penalty on the remaining specifications; and, as so modified, confirmed.