■ In the Matter of BARRY G. BELL, Petitioner, v DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, Respondent. [823 NYS2d 635]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Secretary of State which revoked petitioner's notary license.

On May 21, 2001, petitioner's resignation as an attorney and counselor-at-law was accepted by a court order of the Appellate Division, Second Department, which further ordered that his name be stricken from the role of attorneys and that he be disbarred (*Matter of Bell*, 282 AD2d 146, 147-148 [2001]). Petitioner had elected to resign rather than defend himself,

which he acknowledged that he would not be able to do successfully, against charges from the Committee on Professional Standards that he, among other things, breached his fiduciary duty by failing to diligently review his attorney trust account records.

In July 2001, petitioner completed an application to renew his notary license wherein he was asked if, as of the date of his last application, any license, commission or registration of his had been denied, suspended or revoked in New York. Petitioner, who claims that he viewed his resignation as distinct from either a denial, suspension or revocation of his license to practice law, answered "no." His application, which included his signature and an affirmation regarding the veracity of the statements therein, was granted. Upon being apprised of petitioner's resignation from the practice of law, however, respondent issued a complaint against him alleging that his material misstatement was a demonstration of untrustworthiness warranting revocation of his notary license pursuant to Executive Law § 130. After a hearing, an Administrative Law Judge determined that the allegations in the complaint were founded and revoked petitioner's notary license. The Secretary of State upheld that determination, resulting in this appeal.

"In order to sustain the determination, there must be substantial evidence in the record to support it" (*Matter of Roberts Real Estate v New York State Dept. of State, Div. of Licensing Servs.*, 171 AD2d 217, 220 [1991], *mod* 80 NY2d 116 [1992] [citation omitted]). An applicant seeking commission as a notary public, "unless he or she be an attorney and counsellor at law duly admitted to practice in this state," must demonstrate, to the satisfaction of the Secretary of State, that he or she is "of good moral character" (Executive Law § 130). Furthermore, "[a] notary public is a public officer [whose] . . . right to remain in office [is] to be measured not only by his [or her] activities as such but also by [his or her] trustworthiness and competence exhibited in other areas in which the public is concerned" (*Matter of Patterson v Department of State of State of N.Y.*, 35 AD2d 616, 617 [1970]).

Here, petitioner's response on his application, regardless of the semantic distinction between resignation and revocation, was misleading. Inasmuch as the reviewing entity was deprived of information that may have affected its decision to renew petitioner's license, its determination to revoke such license is supported by substantial evidence (*see Matter of Kleinplatz v Novello*, 14 AD3d 946, 948 [2005]; *see also Matter of Maneri v New York State Dept. of State*, 240 AD2d 748 [1997]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.