■ In the Matter of JOSEPH KLEINPLATZ, Petitioner, v ANTONIA NOVELLO, as Commissioner of Health, Respondent. [848 NYS2d 406]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in Supreme Court, Albany County and transferred to this Court) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which, among other things, revoked petitioner's license to practice medicine in New York.

Petitioner's license to practice medicine was revoked following lengthy proceedings based upon findings that he refused to allow the Bureau of Professional Medical Conduct to have access to his foreign medical school records and that he engaged in a pattern of fraudulent conduct. Since one of the acts constituting the pattern of fraudulent conduct was not supported by substantial evidence, we modified by annulling petitioner's guilt as to such act and remitted for a redetermination of the penalty (*Matter of Kleinplatz v Novello*, 14 AD3d 946, 949 [2005]). On remittal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) determined that an appropriate penalty for the remaining confirmed findings was to revoke petitioner's medical license. Petitioner brought this proceeding challenging the penalty.

The well-settled standard of review of a challenge to the penalty imposed by the ARB for professional misconduct is whether the penalty is "so disproportionate to [the] conduct as to shock one's sense of fairness" (*Matter of Ostad v New York State Dept. of Health*, 40 AD3d 1251, 1253 [2007]; *see Matter of Sawangkao v New York State Bd. for Professional Med. Conduct*, 12 AD3d 735, 737 [2004], *lv denied* 4 NY3d 704 [2005]). Here, the sustained findings establish that petitioner, when applying for relicensure in New York, intentionally provided false information about recent disciplinary charges brought in another state and two terminations from employment by out-of-state institutions. He also concealed his prior terminations when applying to a hospital in New York. In addition to these repeated instances of knowingly concealing requested information, he further refused to permit the Bureau of Professional Medical Conduct to have access to his foreign medical school records despite a serious question as to whether he had completed medical

school. Under such circumstances, and noting that "each case must be judged on its own peculiar facts and circumstances" (*Matter of Bezar v DeBuono*, 240 AD2d 978, 979 [1997]; *accord Matter of Lucas v Novello*, 296 AD2d 735, 736 [2002]), we are unpersuaded that the penalty shocks one's sense of fairness (*see Matter of Youssef v State Bd. for Professional Med. Conduct*, 6 AD3d 824, 826-827 [2004]; *Matter of Mayer v Novello*, 303 AD2d 909, 910 [2003]).

The remaining arguments have been considered and found unavailing.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.