# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

515

KA 11-01085

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JEREL WALKER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 11, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the fourth degree (two counts), petit larceny and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the fourth count of the indictment is dismissed without prejudice to the People to file or re-present to another grand jury any appropriate charge under that count, the sixth count of the indictment is dismissed, and a new trial is granted on the third, ninth and 10th counts of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of burglary in the second degree (Penal Law § 140.25 [2]), petit larceny (§ 155.25) and criminal possession of stolen property in the fifth degree (§ 165.40) and two counts of grand larceny in the fourth degree (§ 155.30 [1], [4]). We agree with defendant that the evidence is legally insufficient to support his conviction of grand larceny in the fourth degree under the fourth count of the indictment because the People failed to establish that the value of the stolen property exceeded $1,000. The evidence with respect to the value of the jar of coins and the television set consisted of "[c]onclusory statements and rough estimates of value[, which] are not sufficient" to satisfy that element of the crime (*People v Loomis*, 56 AD3d 1046, 1047). "Consequently, we cannot on this record conclude 'that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold' of $1,000" (*People v Brink*, 78 AD3d 1483, 1484, *lv denied* 16 NY3d 742, *reconsideration denied* 16 NY3d 828). Nevertheless, because we further conclude that the evidence is

legally sufficient to support a conviction of petit larceny, we reverse the conviction of grand larceny in the fourth degree under Penal Law § 155.30 (1) and dismiss the fourth count of the indictment without prejudice to the People to file or re-present to another grand jury any appropriate charge under that count (*see People v Jean-Philippe*, 101 AD3d 1582, 1583; *People v Pallagi*, 91 AD3d 1266, 1268).

Although defendant failed to preserve for our review his further contention that the evidence is legally insufficient to support his conviction of grand larceny in the fourth degree under the sixth count of the indictment, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the conviction of that count is not supported by legally sufficient evidence (*see generally People v Danielson*, 9 NY3d 342, 349). The sixth count of the indictment alleged that defendant stole a debit card issued by Bank of America to a specified person, but the People failed to establish that such card was stolen by defendant. We therefore reverse the remaining conviction of grand larceny in the fourth degree and dismiss the sixth count of the indictment.

With respect to the remaining counts of the indictment, we agree with defendant that County Court erred in allowing the People to introduce evidence concerning an uncharged burglary to prove his identity as the perpetrator of the burglary and petit larceny charged in the indictment. The instant crime is "not so unique as to allow admission of evidence of the [uncharged burglary] on the theory of the similarity of the *modus operandi*" (*People v Condon*, 26 NY2d 139, 144; *see People v Mateo*, 93 NY2d 327, 332). The court further erred in admitting the testimony of a witness who identified defendant in an out-of-court photo array procedure and thereafter identified him in court. The People failed to satisfy their obligation pursuant to CPL 710.30 inasmuch as no statutory notice was given by the People with respect to their intent to offer "testimony regarding an observation of the defendant at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such" (CPL 710.30 [1]; *see People v Nolasco*, 70 AD3d 972, 973-974). The errors in admitting evidence of the uncharged burglary and the identification of defendant are not harmless, considered singularly or in combination, inasmuch as the proof of defendant's guilt is not overwhelming, and there is a significant probability that the jury would have acquitted defendant had it not been for either of the errors (*see generally People v Arafet*, 13 NY3d 460, 467; *People v Crimmins*, 36 NY2d 230, 241-242). We therefore reverse the conviction of burglary in the second degree, criminal possession of stolen property in the fifth degree and petit larceny, and we grant defendant a new trial under counts three, nine and 10 of the indictment.

In light of our decision, we need not address defendant's contention that he was denied a fair trial by prosecutorial misconduct. We nevertheless note our disapproval of the prosecutor's pervasive misconduct during summation. The prosecutor inappropriately and repeatedly vouched for the credibility of prosecution witnesses

(*see People v Moye*, 12 NY3d 743, 744), suggested that defendant was a liar (*see People v Fiori*, 262 AD2d 1081, 1081), characterized defendant's testimony as "smoke and mirrors" (*see People v Spann*, 82 AD3d 1013, 1015), and otherwise improperly denigrated the defense (*see People v Grady*, 40 AD3d 1368, 1374, *lv denied* 9 NY3d 923).

Finally, in view of our determination, we do not address defendant's remaining contentions.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court