OPINION OF THE COURT
Betty J. Williams, J.
Defendant’s motion to inspect the grand jury minutes is granted to the extent of the court examining them in camera. On a motion to dismiss an indictment under CPL 210.20 (1) (b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the grand jury (People v Jennings, 69 NY2d 103, 115 [1986]; see also People v Jensen, 86 NY2d 248, 252 [1995]). Upon an in camera review of the instant six count indictment: counts one, five and six are legally sufficient; counts two, three and four are dismissed as follows:
The defendant, while acting in concert with others, is alleged to have stolen various desktops, monitors and laptops from a middle school. The People presented evidence, through a custodial engineer and a police officer. The custodial engineer only testified that the premises were a middle school and that the defendant was neither a student nor employee of the middle school. The police officer testified to responding to a radio run of a burglary in progress at approximately 8:55 p.m. Upon arrival, the police officer personally observed the defendant and two accomplices attempting to climb over the middle school gate while in possession of the alleged stolen property. Once the defendant became aware of the police officers’ presence, the defendant dropped the computer equipment and attempted to scale a scaffold in an effort to flee. After the defendant was apprehended, the police officers recovered the stolen property, which consisted of 11 MacBook Air laptop computers and two Apple desktop monitors.
The following was the only testimony presented to the grand jury regarding the value of the stolen property, which came from the police officer:
“Q. And what, if anything, did you do with the property after you removed it back to the present [sic]?
“A. That’s when we determined the value of the computers.
“Q. After you removed the property to the precinct, was the property eventually vouchered?
“A. It wasn’t vouchered, we determined the prop *943 erty and then we returned it to the principle [sic] of the school.
“Q. Okay, you returned the property to the school?
“A. Yes.
“Q. And you stated that you were able to determine the value of the property?
“A. Yes
“Q. How were you—I’m sorry, what did you estimate the value of the property to be?
“A. To be over $13,000.
“Q. How were you able to approximate the value of the property?
“A. A computer search.”
In this indictment there was insufficient evidence presented to the grand jury regarding value of the alleged stolen property where count two charges grand larceny in the third degree (Penal Law § 155.35 [1]), and count three charges grand larceny in the fourth degree (Penal Law § 155.30 [1]). The only evidence of the value of the stolen property presented was testimony from the police officer. Based only upon “a computer search,” the police approximated the value of the unvouchered, stolen property “to be over $13,000.” However, the People are required to present the grand jury with sufficient evidence to establish the value of property where value is an element of the grand larceny theory alleged (People v Mathis, 179 AD2d 779 [2d Dept 1992], lv denied 79 NY2d 1004 [1992]; see also People v Ju Ju Jiang, 99 AD3d 724 [2d Dept 2012], lv denied 20 NY3d 1062 [2013]; People v Seymour, 77 AD3d 976 [2d Dept 2010]). Evidence of value must not be presented to the grand jury in an approximated and conclusory manner. (People v Walker, 119 AD3d 1402 [4th Dept, July 11, 2014]; see also People v Helms, 119 AD3d 1153 [3d Dept, July 17, 2014].) There was no testimony regarding: (a) the actual value of the stolen property, specifically each MacBook Air and Apple desktop monitor; (b) who determined the approximate value of the stolen property; (c) how the computer search was conducted by the police to determine the value of the stolen property; and (d) the reliability of the computer source used to approximate the value of the stolen property. Even in the light most favorable to the People, such conclusory statements of approximate value are insufficient to establish value before the grand jury (Walker; Helms). Accordingly, counts two and three are dismissed with leave for the People to re-present to a new grand jury (Mathis; Ju Ju Jiang; Seymour).
*944 Count four in this indictment incorrectly charges criminal trespass in the third degree pursuant to Penal Law § 140.10 (b) instead of criminal trespass in the third degree pursuant to Penal Law § 140.10 (a). The People presented sufficient evidence and properly charged the grand jury with the law regarding Penal Law § 140.10 (a). However, there were neither facts presented nor a charge on the law given to the grand jury with regard to Penal Law § 140.10 (b). Therefore, the People are granted 30 days leave to amend count four of the indictment to conform to the evidence and accurately reflect the criminal act for which the grand jury intended to indict the defendant, which was Penal Law § 140.10 (a). (CPL 200.70 [1]; People v Hood, 194 AD2d 556 [2d Dept 1993], lv denied 82 NY2d 720 [1993].) The amendment would neither change the theory of the prosecution nor prejudice the defendant. (People v Clabeaux, 277 AD2d 988 [4th Dept 2000], lv denied 96 NY2d 781 [2001].) Should the People fail to amend count four within 30 days, then count four shall be dismissed with leave to re-present.
Accordingly, counts two and three of the indictment are dismissed with leave for the People to re-present, as the proof before the grand jury was insufficient to establish the offenses charged. (Jensen, 86 NY2d at 252; People v Mayer, 1 AD3d 461, 463 [2d Dept 2003].) Count four of the indictment is dismissed with leave to amend within 30 days or leave for the People to re-present, as the instructions on the law were improper for count four as it appears on the indictment. (People v Calbud, Inc., 49 NY2d 389, 394-395 [1980]; People v Burch, 108 AD3d 679 [2d Dept 2013], lv denied 22 NY3d 1087 [2014].)
Counts, one, five and six are legally sufficient to establish the offenses charged. The grand jurors were adequately informed of the essential elements of the crimes the grand jurors were being asked to consider with respect to counts one, five and six charging burglary in the third degree (Penal Law § 140.20), trespass (Penal Law § 140.05), and petit larceny (Penal Law § 155.25), respectively. (Burch, 108 AD3d at 681.)