(July 27, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL A. FREDERICK, Appellant. [59 NYS3d 640]—

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered July 28, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to three concurrent, determinate terms of incarceration of four years, with three years of postrelease supervision, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). Defendant was sentenced as a second felony drug offender to three concurrent, determinate terms of incarceration of nine years, with three years of postrelease supervision.

Defendant contends that his motion to suppress should have been granted because the search warrant issued on July 15 did not describe with sufficient particularity the location where the drugs at issue were subsequently discovered, i.e., a shed on a lot neighboring defendant's property. We reject that contention and conclude that the description in the search warrant was sufficient to authorize the executing officers to search the neighboring shed (see generally People v Cook, 108 AD3d 1107, 1108 [2013], lv denied 21 NY3d 1073 [2013]).

We reject defendant's further contention that he was unduly prejudiced by County Court's Molineux ruling. Here, the evidence of defendant's prior conviction of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [12]) was properly admitted in evidence to demonstrate defendant's identity and knowing possession inasmuch as defendant committed the prior crime "by using a distinctive and unique modus operandi, which was sufficiently similar to the manner in which the crimes herein were committed to be probative of defendant's identity as the perpetra-

tor" (*People v Curry*, 82 AD3d 1650, 1650 [2011], *lv denied* 17 NY3d 805 [2011]; *see generally People v Molineux*, 168 NY 264, 293-294 [1901]). The probative value of the evidence also outweighed its prejudicial effect (*see People v Wemette*, 285 AD2d 729, 731 [2001], *lv denied* 97 NY2d 689 [2001]), and "the court's limiting instruction minimized any prejudice to defendant" (*People v Washington*, 122 AD3d 1406, 1408 [2014], *lv denied* 25 NY3d 1173 [2015]). We agree with defendant that the court erred in admitting the conviction in evidence to establish his intent to commit the crimes charged herein, but we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case, and we therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to three concurrent, determinate terms of incarceration of four years, with three years of postrelease supervision (*see generally* CPL 470.15 [6] [b]). We have considered defendant's contentions in his pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment. Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.