People v Mountzouros (2022 NY Slip Op 03840)

People v Mountzouros

2022 NY Slip Op 03840

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

467 KA 20-00292

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH MOUNTZOUROS, DEFENDANT-APPELLANT. 

HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered March 26, 2019. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree, sexual abuse in the second degree, and forcible touching (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, two, four and five of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [4]), arising from allegations that defendant sexually abused one of his youngest sons in 2012-2013. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Before trial, County Court granted the People's motion seeking to introduce testimony that defendant sexually abused his eldest son in the 1990s, on the ground that the earlier, uncharged conduct was admissible under the modus operandi exception to the Molineux rule (see People v Molineux, 168 NY 264 [1901]). We agree with defendant that this was error.
The "familiar Molineux rule states that evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559 [2012]). The commonly-recognized categories of non-propensity evidence are: "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; [and] (5) the identity of the [defendant]" (Molineux, 168 NY at 293).
Modus operandi evidence is a means of establishing the defendant's identity as the perpetrator (see People v Beam, 57 NY2d 241, 250-251 [1982]). Here, even assuming, arguendo, that defendant's identity as the person who committed the crimes was not conclusively established (cf. People v Agina, 18 NY3d 600, 603-605 [2012]), we conclude that the similarities between the uncharged acts and the charged crimes were not "sufficiently unique to make the evidence of the uncharged crimes probative of the fact that [defendant] committed the [crimes] charged" (Beam, 57 NY2d at 251 [internal quotation marks omitted]; see People v Condon, 26 NY2d 139, 144 [1970]; People v Walker, 119 AD3d 1402, 1403 [4th Dept 2014]; cf. People v Frederick, 152 AD3d 1242, 1242-1243 [4th Dept 2017]).
We further conclude that the error in admitting the evidence is not harmless. "Under the standard applicable to nonconstitutional errors, an error is harmless if the proof of defendant's [*2]guilt is overwhelming and there is no significant probability that the jury would have acquitted defendant had the error not occurred" (People v Williams, 25 NY3d 185, 194 [2015]; see People v Crimmins, 36 NY2d 230, 242 [1975]). Here, it cannot be said that the proof of guilt, which turned primarily on an assessment of the credibility of testimony, was overwhelming (see People v Holtslander, 189 AD3d 1701, 1704 [3d Dept 2020]; cf. People v Casado, 99 AD3d 1208, 1211-1212 [4th Dept 2012], lv denied 20 NY3d 985 [2012]). We therefore reverse the judgment and grant a new trial on counts one, two, four and five of the indictment.
Defendant's remaining contentions are academic in light of our determination.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court