| People v Crespo |
| :---: |
| 2024 NY Slip Op 34139(U) |
| January 24, 2024 |
| County Court, Westchester County |
| Docket Number: Indictment No. 72132-23 |
| Judge: Maurice Dean Williams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

**DECISION & ORDER**

-against-

FILED

JAN 2 6 2024

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Indictment No. 72132-23

HUMBERTO CRESPO

------------------------------------------------------------------------x
Williams, J.C.C.

Defendant, Humberto Crespo, is charged by Indictment Number 72132-23 with two counts of Driving While Intoxicated, as a Class E Felony[1] (*Vehicle and Traffic Law* § 1192[2] and [3]), Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree[2] (*Vehicle and Traffic Law* § 511[3][a][i]), Crossing Road Hazard Markings (*Vehicle and Traffic Law* § 1128 [d]), Speeding in a Zone (*Vehicle and Traffic Law* § 1180[d]) and Unlicensed Operation of a Motor Vehicle (*Vehicle and Traffic Law* § 509[1]). It is alleged, among other things, the defendant was speeding and operating a motor vehicle in an intoxicated condition without a valid license.

By notice of motion, and accompanying affirmation dated September 23, 2023, the defendant now moves for omnibus relief seeking inspection of the Grand Jury minutes and dismissal of the indictment pursuant to CPL §§ 210.20 and 210.30; the suppression as evidence

---

[1] With regards to Count Two, a special information is attached to the indictment, and it is alleged defendant was previously convicted of Driving While Intoxicated (Vehicle and Traffic Law § 1192 [3]) as a misdemeanor, on or about October 1, 2018, in Bronx Supreme Court, Bronx County, State of New York.

[2] A special information is attached to the indictment, and it is alleged defendant was previously convicted of Driving While Intoxicated (Vehicle and Traffic Law § 1192 [3]), as a felony, as a result of which on or about October 1, 2018 defendant's privilege of obtaining a license issued by the Commissioner of Motor Vehicles (in New York State) was revoked and the defendant, on or about August 21, 2022, knew or had reason to know of said conviction and revocation, and that said revocation was in effect at that time.

[* 1]

of statements allegedly made by defendant to any officers, or a *Huntley* hearing; the suppression of any physical evidence, including observation(s) made by police officers, or a *Mapp/Dunaway* hearing; and a *Sandoval/Ventimiglia* hearing. The People have submitted an affirmation and memorandum of law in opposition. Upon consideration of these papers, as well as the review of the Grand Jury minutes, the defendant's motion is decided as follows:

I.      **Motion to Inspect the Grand Jury Minutes and to Dismiss or Reduce the Indictment**

Pursuant to CPL §§ 210.20[1][b] and 210.30, defendant requests an *in camera* inspection of the Grand Jury minutes and if the Court finds the evidence was not legally sufficient to sustain all or a portion of the charges, or finds that the Grand Jury proceedings were defective, seeks dismissal of the indictment. The People have consented to an *in camera* inspection of the Grand Jury minutes stating that a review of the minutes will demonstrate the Grand Jury was presented competent evidence sufficient to support every charge within the indictment, and that the proceedings were legally proper.

The application is granted only to the extent that the Court has conducted an *in camera* inspection of the minutes of the Grand Jury proceedings and finds as follows: a Grand Jury is not charged with making a finding of defendant's ultimate guilt or innocence. They may indict an individual "when the evidence before it both establishes all the elements of the crime and also establishes reasonable cause to believe that the accused committed the crime to be charged" (*see People v. Jennings*, 69 N.Y.2d 103, 115, 512 N.Y.S.2d 652, 657 [1986]; CPL § 190.65[1]). The indictment must be supported by legally sufficient evidence. "Legally sufficient is competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (*People v. Mayer*, 1 A.D.3d 461, 463, 768 N.Y.S.2d 222, 225 [2003]). Judicial scrutiny is limited to determining "whether the evidence viewed in the light

2

[* 2]

most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v. Jensen,* 86 N.Y.2d 248, 251, 630 N.Y.S.2d 989 [1995]; *see People v. Jennings, supra* at 114, 512 N.Y.S.2d 652).

Upon review of the evidence presented, this Court finds that all counts of the indictment were supported by sufficient evidence (*People v. Calbud, Inc.,* 49 N.Y.2d 389, 426 N.Y.S.2d 238 [1980]), that the Grand Jury was properly instructed (*People v. Valles,* 62 N.Y.2d 36, 476 N.Y.S.2d 50 [1984]), and a quorum of grand jurors were present throughout the People's presentation (*People v. Collier,* 72 N.Y.2d 298, 532 N.Y.S.2d 718 [1988]). Moreover, there was sufficient evidence connecting the defendant to the crimes charged and there were no other defects within the meaning of CPL § 210.35 which would warrant dismissal of the instant indictment.

To the extent, defendant seeks disclosure of any portion of the Grand Jury minutes, the Court does not find any facts warranting the release of any portion of the minutes to the defendant (CPL § 210.30[3]). Accordingly, this branch of the defendant's motion seeking dismissal of the indictment is denied.

## II.     Motion to Suppress Statements

Defendant has moved to suppress the statements which were the subject of the CPL § 710.30 notices served by the People. The People served three such notices with respect to oral statements allegedly made by the defendant to members of the Dobbs Ferry and Hastings-on-Hudson Police Departments on August 21, 2022 at 3:35 a.m. and at 4:20 a.m. Defendant contends that the statements were involuntarily made and there was not a knowing and voluntary waiver of his 5th or 6th amendment rights. The People contend all noticed statements were voluntary and there was no violation of the defendant's rights.

3

[* 3]

This branch of defendant's motion is granted to the extent that a *Huntley* hearing shall be held prior to trial to determine the admissibility and voluntariness of any statements allegedly made by the defendant that were noticed by the People pursuant to CPL § 710.30[1][a] (*see* CPL § 710.60[4]; 60.45; CPL § 710.20[3]; *People v. Weaver*, 49 N.Y.2d 1012, 429 N.Y.S.2d 399 [1980]).

### III.    Motion to Suppress Physical Evidence

Defendant seeks to suppress all physical evidence, including the officers' observations at the scene, and any property found in defendant's possession. The People assert the defendant's fourth amendment motion should be summarily denied for failure to assert sworn allegations of fact as required but do consent to a *Mapp* hearing (*Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct.1684, 6 L.Ed.2d 1081 [1961]).

Pursuant to CPL § 710.60, a motion for suppression must state the grounds for the motion and contain sworn allegations of fact supporting the allegations. The motion may be summarily denied if the defendant fails to allege a proper legal basis for the motion or provide sworn allegations of fact supporting the motion. If defendant is relying upon factual allegations, "the sufficiency of the factual allegations should be (1) evaluated by the face of the pleadings, (2) assessed in conjunction with the context of the motion and (3) evaluated by defendant's access to information" (*see People v. Bryant*, 8 N.Y.3d 530, 533, 838 N.Y.S.2d 7 [2007]).

Although summary denial of a suppression motion may be permissible, it is not mandatory even if the factual allegations within the motion are deficient (*see People v. Mendoza*, 82 N.Y.2d 415, 604 N.Y.S.2d 922 [1993]). Ultimately it is left within the discretion of the Court to determine if a hearing should be granted. One factor that may support granting a suppression

hearing when the factual allegations are deficient, is whether other hearings are being ordered which overlap *Dunaway* issues.

Here, while the defendant's papers barely contain adequate factual allegations to warrant a hearing on the issue of suppression, this branch of defendant's motion will be granted solely to the extent that a hearing shall be held pursuant to *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 [1961] and *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 [1979], to determine whether there was probable cause for the defendant's arrest and whether evidence obtained from his person should be suppressed as the product of an unlawful seizure or other violation of the defendant's rights.

### IV.  Motion for a *Sandoval/Ventimiglia/Molineux* Hearing

Defendant's request for a *Sandoval/Ventimiglia/Molineux* hearing is granted, on consent, and shall be conducted immediately prior to trial as to any prior criminal convictions, or prior uncharged crimes, vicious or immoral or bad acts.

The People must notify the defendant, in compliance with CPL § 245.20, not less than fifteen days prior to the first scheduled date for trial, of all specific instances of the defendant's criminal, prior uncharged criminal, bad acts, vicious or immoral conduct of which the People have knowledge and intend to use at trial for purposes of impeaching the credibility of the defendant, or as substantive proof of any material issue in the case. The People shall specifically designate the way such act will be used.

With respect to acts sought for impeachment purpose, the burden shall be on the defendant to inform the Court of the prior misconduct which might unfairly affect defendant as a witness in his/her own behalf and then how the prejudicial effect of admitting said evidence is outweighed by the probative value (*People v. Matthews*, 68 N.Y.2d 118, 506 N.Y.S.2d 149

5

[1986]; *People v. Malphurs*, 111 A.D.2d 266, 489 N.Y.S.2d 102 [2d Dept 1985]).  With respect

to any uncharged crimes or prior bad acts being introduced on the People's direct case, a

*Molineux* hearing shall be conducted with the burden upon the People to establish admissibility.

This constitutes the decision and order of this Court.

Dated: White Plains, New York
      January 24, 2024

                                  Hon. Maurice Dean Williams
                                  County Court Justice

**Hon. Maurice Dean Williams**
**County Court Judge**

6

[* 6]