People v Santiago (2025 NY Slip Op 50390(U))

[*1]

People v Santiago

2025 NY Slip Op 50390(U)

Decided on March 26, 2025

County Court, Genesee County

Cianfrini, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2025
County Court, Genesee County

The People of the State of New York

against
Jose L. Agosto Santiago, Defendant.

Indictment No. 70802-23/001

Kevin T. Finnell, Esq.
Genesee County District Attorney
BY: Joseph J. Robinson Esq.
Assistant District Attorney
Michael E. Benedict, Esq.
Attorney for Defendant

Melissa Lightcap Cianfrini, J.

The Genesee County Grand Jury has returned an indictment charging the defendant, Jose L. Agosto Santiago , (hereinafter, "Defendant") with Grand Larceny in the Fourth Degree, a class E felony, in violation of Penal Law § 155.30(1).
The Court has examined the Grand Jury minutes pursuant to the Defendant's notice of omnibus motion received on March 18 2025, together with an Attorney Affirmation of Michael E. Benedict, Esq., received on March 18, 2025. In opposition, the People have submitted an Answering Affirmation of Assistant District Attorney Joseph J. Robinson, affirmed on March 19, 2025.[FN1]

The evidence presented to the Grand Jury has been examined in accord with the Defendant's application pursuant to CPL § 210.30(2).
CPL § 190.65(1) provides that the Grand Jury may indict when:
"(a) the evidence before it is legally sufficient to establish that such person committed such offense.... and (b) competent and admissible evidence before it provides reasonable cause to [*2]believe that such person committed such offense."
"The first prong of the statute requires that the People present a prima facie case; and the second dictates the degree of certitude grand jurors must possess to indict. Furthermore, on a motion to dismiss an indictment under CPL § 210.20(1)(b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the Grand Jury". See People v. Jennings, 69 NY2d 103; See People v. Swamp, 84 NY2d 725.
The issue confronting this Court is whether legally sufficient evidence was presented to the Grand Jury with respect to the value of the property stolen. Here, the loss prevention manager only stated "approximately $1300" when the ADA asked to determine the amount of the recovered items. Other testimony shows that an electric scooter and four pairs of headphones were stolen. There was no make, model, retail value or any other descriptions to describe the merchandise stolen.
After a review of statutory authority and case law interpreting the same, an unsupported statement of value by the owner is not legally sufficient to establish the value of property (See People v. Loomis, 56 AD3d 1046, 1047 [3rd Dep't 2008])(holding that evidence of value was insufficient since "the only evidence of value was a single statement by the victim that the items were worth "approximately $3,600"); (People v. Lopez, 79 NY2d 402), (the Court of Appeals held that the owner's statement of value in conclusory terms of the allegedly stolen property and the amount of physical damage to it, without indicating the basis for that valuation, did not sustain an indictment where value is an element of the offense charged).
In order for the victim's statement to suffice, it must include the basis for the victim's knowledge of the asserted value, which could be submitted in an affidavit by the owner submitted to a grand jury pursuant to NY Crim. Proc. Law § 190.30(3)(c). In appropriate circumstances, the price for which the property was purchased may provide a sufficient basis to establish its value if the purchase was close in time to the theft, such as a receipt [FN2]
(see People v. Loomis, 56 AD3d 1046 [3rd Dep't 2008]).
Moreover, the case of People v. Christburg, 46 Misc 3d 941, held that a "computer search" to determine approximated value of property was insufficient and evidence of value must not be presented to the grand jury in an approximated and conclusory manner. See People v. Walker, 119 AD3d 1402. Here, the witness testified in a conclusory fashion as to the approximate value of unspecified stolen items. As such, the evidnece presented to the Grand Jury was legally insufficient.
Based on the above, the sole count of the Indictment is DISMISSED accordingly with leave to represent within 30 days from the date of this order.
This Decision constitutes the Order of this Court.
DATED: March 26, 2025
Batavia, New York
HON. MELISSA LIGHTCAP CIANFRINI
Genesee County Court Judge

Footnotes

Footnote 1: Both parties agreed to submit on the papers via email.

Footnote 2: Of course, a proper foundation must be laid to admit such evidence, such as the business record exception. See generally, People v. Teague, 145 AD2d 911 (4th Dept. 1988) and People v. Allison, 21 Misc 3d 1108(A)(Dist. Ct. Nassau Cty. Oct. 7, 2008).